**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURPREET SINGH, | No. 07-75070 |
| Petitioner, | Agency No. A072-404-190 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2010[**]

Before:     LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Gurpreet Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's determination that Singh did not establish past persecution or a well-founded fear of future persecution based on the police's investigatory arrests and mistreatment, because he failed to show a nexus between the harm he and his family suffered and one of the statutorily protected grounds.  *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044-45 (9th Cir. 2004) (presumption that police harassment of alien is politically motivated arises only where there appears to be no other logical reason for the persecution at issue).

We lack jurisdiction to consider Singh's newly raised argument that he is entitled to asylum as a matter of discretion.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below).  Accordingly, Singh's asylum claim fails.

Because Singh did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's conclusion that Singh is not eligible for CAT relief because he failed to show it is more likely than not

he would be tortured if removed to India. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Singh's pending motion for a stay of removal is denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.